J-S90012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL GAITHER | : | |
| | : | |
| Appellant | : | No. 1218 EDA 2016 |

Appeal from the Judgment of Sentence January 20, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0002204-2015,
CP-09-CR-0005166-2015

BEFORE:  OTT, SOLANO, and JENKINS, JJ.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 13, 2017**

Carl Gaither appeals from the judgment of sentence imposed on January 20, 2016, in the Court of Common Pleas of Bucks County following his guilty pleas in two cases.  He received an aggregate sentence of seven to 14 years' incarceration followed by eight years of probation.  In this timely appeal, Gaither challenges the discretionary aspect of his sentence.  Defense counsel has filed an **Anders**[1] brief, thereby indicating the appeal is frivolous.  He has also filed a motion to withdraw as counsel.  After a thorough review of the submissions by the parties, including Gaither's response to counsel's

---

[1] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

***Anders*** brief, relevant law, and the certified record, we affirm judgment of sentence and grant counsel's motion to withdraw.

The facts underlying the two cases against Gaither are diverse. In criminal information 2204 of 2015, Gaither committed a burglary at D & S Boat Sales, Tullytown, Bucks County, by entering the store after hours and stealing a power washer. Pursuant to this incident, Gaither pled guilty to one count of burglary and one count of theft.[2] Regarding criminal information 5166 of 2015, beginning in November 2014, and continuing for months thereafter, Gaither made a series of telephone calls to 16 different women who worked in various capacities in the Bucks County Department of Corrections, SCI[3] Houtzdale and SCI Camp Hill.[4] As described by the trial court in the Pa.R.A.P. 1925(a) opinion, these telephone calls were

> lewd, lascivious, unwanted, sexually explicit in nature and contained numerous obscene words and described graphic sexual acts. At times the caller made threats of sexual violence and assault. The male caller, who appeared to be familiar with the employees, would either call and ask for a particular female employee or would dial their extension directly. These repeated calls caused multiple victims to endure significant emotional distress and many had fear for their personal safety.

_____

[2] 18 Pa.C.S. §§ 3502(a)(4) and 3921(a), respectively.

[3] State Correctional Institution.

[4] The affidavit of probable cause also lists additional telephone calls made to SCI Coal Township and a Bucks County auto body shop.

Trial Court Opinion, 6/10/2016, at 2. The trial court also noted Gaither made in excess of 350 phone calls to the victims. The certified record also reveals that Gaither had previously been incarcerated at both SCI Camp Hill and SCI Houtzdale. Pursuant to these incidents, Gaither pled guilty to 16 counts of stalking.[5]

As noted above, Gaither received an aggregate sentence of seven to 14 years' incarceration followed by eight years of probation. Specifically, Gaither received two to four years' incarceration for stalking counts one through six; two to four years' incarceration for stalking counts seven through 12; two to four years' incarceration for stalking counts 13-16; and one to two years' incarceration followed by eight years of probation for burglary. Gaither filed a motion for reconsideration of sentence, but withdrew it at the hearing on the motion. This timely appeal follows.

> When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. Before counsel is permitted to withdraw, he or she must meet the following requirements:
>
> > First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

_____

[5] 18 Pa.C.S. § 2709.1(a)(2).

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 183 (Pa. Super. 2016) (citations omitted).

Our review of the ***Anders*** brief demonstrates counsel has complied with these requirements.[6] Gaither has filed a handwritten response to counsel's ***Anders*** brief, which we have reviewed. Having fulfilled the ***Anders*** requirements, we grant counsel's motion to withdraw.

Gaither's sole issue represents a challenge to the discretionary aspects of his sentence. Specifically, Gaither claims the trial court failed to adequately consider and address his mental health issues in sentencing. Regarding a challenge to the discretionary aspects of a sentencing, case law dictates:

> A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see*

_____

[6] However, we note other deficiencies in the brief. While these do not ultimately impair our ability to review this matter, they are of concern. First, counsel failed to attach the Pa.R.A.P. 1925(b), statement of matter complained of, to the brief. ***See*** Pa.R.A.P. 2111(d). The 1925(b) statement was easily located in the certified record, so we are at no disadvantage. More importantly, counsel has failed to comply with the requirements of ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which dictates counsel explain why the appeal is frivolous. While this is a serious failing, this matter presents a rare instance where the sole issue raised is so obviously and patently frivolous, it would be a waste of judicial time and economy to remand for the filing of a proper ***Anders*** brief. We direct counsel, in the future, to be more mindful of the Rules of Appellate Procedure and to follow the dictates of ***Santiago***.

Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

Although counsel has not included the requisite Pa.R.A.P. 2119(f) statement in his ***Anders*** brief herein, "[w]here counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." ***Commonwealth v. Ziegler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).[7] In addition, a determination of what constitutes a substantial question must be evaluated on a case-by-case basis and such question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011).

***Commonwealth v. Bynum-Hamilton***, ***supra***, at 184 (footnote omitted).

Here, the claim is frivolous in that Gaither failed to preserve the issue by filing a post-sentence motion. Gaither did file a motion for reconsideration of sentence, but withdrew it prior to its resolution. Indeed, in the notes of testimony of March 7, 2016, the hearing at which Gaither withdrew his motion for reconsideration, Gaither acknowledged he was

---

[7] While the Commonwealth has argued the sentencing issue was waived by withdrawing the motion for reconsideration, it has also claimed the issue has been waived for failure to file a Pa.R.A.P. 2119(f) statement. Pursuant to ***Bynum-Hamilton***, and other cases, the failure to provide a 2119(f) statement with an ***Anders*** brief will not result in waiver.

giving up his right to challenge his sentence. At that time, the trial court was informed that Gaither had other issues of ineffective assistance of counsel he believed needed to be addressed.[8] The trial court explained such matters could be raised in a Post Conviction Relief Act (PCRA) petition. Based on the foregoing, Gaither is not entitled to relief.

Judgment of sentence affirmed. Motion to withdraw is granted.

Judge Jenkins did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017

---

[8] Gaither's response to counsel's petition to withdraw and **_Anders_** brief raises issues of ineffective assistance of counsel.